# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN LA'VON GILES,

    Plaintiff,

    v.                          Civil No: 2:24-CV-12568
                              HONORABLE DENISE PAGE HOOD
                              UNITED STATES DISTRICT JUDGE

SAGINAW MEDICAL
DEPARTMENT, ET. AL.

    Defendants,
_____/

## OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT

This matter is before the Court on Plaintiff's Kevin La'von Giles' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Livingston County Jail in Howell, Michigan. Upon review of Plaintiff's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to

1

provide the $350.00 filing fee, plus a $ 55.00 administrative fee, when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023).

A review of federal court records indicates that Plaintiff has at least five prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *Giles v. Rich*, No. 1:24-CV-11052, 2024 WL 4136397 (E.D. Mich. Sept. 10, 2024); *Giles v. Garland*, No. 1:24-CV-10138, 2024 WL 1478862 (E.D. Mich. Apr. 5, 2024); *Giles v. Michigan Dep't of Health & Hum. Servs*., No. 1:24-CV-10136, 2024 WL 1478861 (E.D. Mich. Apr. 5, 2024); *Giles v. Swanson*, No. 24-10137, 2024 WL 1641224 (E.D. Mich. Apr. 16, 2024); *Giles v. United States Attorney General, et. al.* No. 23-CV-11828 (E.D. Mich. Aug. 7, 2023). Based on these prior dismissals, Petitioner has been warned that he is a "three striker" who would be ineligible to proceed

2

without prepayment of the entire filing fee unless he could establish that he was in imminent danger of serious physical injury. *Giles v. Hemingway*, No. 2:23-CV-10951, 2024 WL 3164653, at * 3 (E.D. Mich. May 20, 2024), *report and recommendation adopted*, No. 23-CV-10951, 2024 WL 3540436 (E.D. Mich. July 25, 2024).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539. The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).

Plaintiff has had at least five prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief

3

could be granted. In addition, Plaintiff was subsequently warned that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

Plaintiff has not alleged any facts which would credibly establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C. § 1915(g). To be eligible for imminent danger exception to the three-strikes rule barring *in forma pauperis* status to prisoners who have filed frivolous complaints, a prisoner must plausibly allege imminent danger of serious physical injury. *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019).

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since Plaintiff has five prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

4

## ORDER

IT IS HEREBY **ORDERED** that Plaintiff's *in forma pauperis* status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by the plaintiff would not be done in good faith.

**SO ORDERED.**

s/Denise Page Hood
HON. DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: November 7, 2024